IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CIVIL NO. _____

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>JACQUELINE D. GREEN, as Personal Representative of the Estate of Marie Green and as Co-Trustee of the Marie Mary Green Revocable Trust; BERT GREEN, as Co-Trustee of the Marie Mary Green Revocable Trust,<br><br>*Defendants.* | **COMPLAINT** |

Plaintiff, the United States of America, alleges as follows:

1. This timely suit seeks to recover unpaid financial penalties imposed upon Marie M. Green. The penalties were imposed pursuant to 31 U.S.C. § 5321(a)(5) because Marie Green willfully failed to timely file accurate Forms TD F 90-22.1, Report of Foreign Bank and Financial Accounts ("FBAR"), for the years 2010 and 2011.

2. Generally speaking, every U.S. person who has a financial interest in, or signature or other authority over, at least one foreign account must file an FBAR. The FBAR does not have to be filed if the aggregate balance in all foreign accounts is less than $10,000.

3. On an FBAR, the filer must list certain information for each foreign account. That information includes the financial institution at which the account is held, the account number, and the maximum balance in the account during the calendar year.

## Authorization for Suit, Jurisdiction, and Venue

4. The United States brings this suit to recover the penalty pursuant to 31 U.S.C. § 5321(b). Pursuant to 31 U.S.C. § 3711(g)(4)(C), this action was filed with the authorization of, and at the request of, the Secretary of the Treasury, acting through his delegate, the Associate Area Counsel of the Internal Revenue Service. The United States' Complaint is filed at the direction of a delegate of the Attorney General of the United States.

5. This Court has subject-matter jurisdiction under 28 U.S.C. § 1345 and 28 U.S.C. § 1355(a).

6. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(c)(1) and 28 U.S.C. § 1395(a) because one of the defendants, Jacqueline D. Green, resides in this judicial district.

## The Defendants

7. Marie Green was a U.S. citizen. She was a resident of this judicial district when she died on or about August 5, 2018.

8. On information and belief, no probate proceeding, proceeding for summary administration, or proceeding for disposition without administration has been instituted concerning Marie Green's estate.

9. Before she died, Marie Green settled the Marie Mary Green Revocable Trust ("the Trust").

10. Marie Green was married to Isidor Green. Isidor Green died in July 2005.

11. Jacqueline D. Green is Marie Green's daughter. She is a co-trustee of the Trust. She is also the personal representative of Marie Green's estate. Jacqueline Green resides in this judicial district.

12. Bert Green is Marie Green's son. He is a co-trustee of the Trust. Bert Green resides in the Seattle, Washington area.

## Marie Green's Foreign Bank Accounts

### *The Acuva Bath Itzhak Accounts*

13.    On information and belief, on or about August 13, 1980, Isidor Green directed the creation of Arbel Holding, Inc., a Panamanian corporation.

14.    On or about May 24, 1988, Arbel Holding's Board of Directors authorized the company to open an account at Bank Leumi Le-Israel in Tel Aviv, Israel. Arbel Holding's Board further directed that Isidor Green, Marie Green, Jacqueline Green, and Bert Green were to be authorized to direct the investment of funds in the account and to withdraw the funds. Arbel Holding then opened an account at Bank Leumi.

15.    In approximately July 1990, Arbel Holding instructed Bank Leumi to close its account and transfer all of the account's assets to another account in the name of Isidor Green and Marie Green. The Greens' account had a number ending with the digits '617.

16.    On or about April 25, 1997, Isidor Green, Marie Green, and Bert Green asked Bank Leumi to open an account in the name "Acuva Bat Itzhak." Bank records also sometimes use the spelling "Acuva Bath Itzhak" for the name of the account. This account, like the Greens' personal account, had an account number ending with the digits '617. On information and belief, the Greens' personal account and the Acuva Bat Itzhak account were the same account.

17.    Marie Green had a financial interest in and signature authority over the Leumi '617 account.

18.    On information and belief, the Greens asked Bank Leumi to honor instructions that contained the account number and the name Acuva Bat Itzhak, but not any of the Greens' names. On information and belief, the Greens instructed Bank Leumi to hold all mail concerning the Leumi '617 account rather than transmit it to the United States.

U.S. Complaint – p. 3

19. On or about July 27, 2005, Marie Green signed on behalf of "Acuva Bath Itzhak" to acknowledge receipt of mail held at Bank Leumi concerning the '617 account.

20. In July 2005, Marie Green signed instructions to Bank Leumi regarding how funds in the Leumi '617 account should be invested.

21. In July 2006, Marie Green signed a declaration with respect to the Leumi '617 account stating that she was not a resident of Israel for purposes of the Israeli Income Tax Ordinance.

22. On or about July 13, 2006, a Panama entity with the name "Acuva Bath Itzhak Corp." was formed on Marie Green's behalf.

23. On information and belief, there was no business reason for the creation of Acuva Bath Itzhak Corp.

24. On or about July 13, 2006, Acuva Bath Itzhak Corp. opened an account at Union Bancaire Privée ("UBP") in Switzerland. The account was assigned a number ending with the digits '676.

25. Marie Green had a financial interest in the UBP '676 account.

26. The opening agreement for the UBP '676 account instructed UBP to hold mail concerning the account. On a Swiss banking form known as Form A, Acuva Bath Itzhak Corp. stated that Marie Green was the "beneficial owne[r] of the assets." Marie Green provided a specimen signature for use with the UBP '676 account.

27. Marie Green had a financial interest in the UBP '676 account.

28. Acuva Bath Itzhak Corp. submitted to UBP a false "Declaration of 'Non-U.S. Entity' status" regarding the '676 account, which stated that "[t]he account holder [i.e., Acuva Bath Itzhak Corp.] declares that it is the 'Beneficial Owner', for the purposes of the U.S. Withholding Tax regulations, of all the assets and income

deposited with the Bank in the above-mentioned account and covered by this Declaration."

29. On information and belief, Marie Green and Jacqueline Green visited UBP in Geneva on June 9, 2009. They instructed UBP to close the UBP '676 account and transfer the assets according to details to follow later. They also withdrew some cash from the account.

30. Acuva Bath Izhak Corp. liquidated the UBP '676 account in July 2009. It instructed UBP to transfer the balance to an account at Bank Leumi in the name of Templaide Associates Inc.

### *The Templaide Associates Account*

31. On or about June 23, 2008, a Panama entity with the name "Templaide Associates Inc." was formed on Marie Green's behalf.

32. On information and belief, there was no business reason for the creation of Templaide Associates.

33. On or about July 31, 2008, Templaide Associates opened an account at Bank Leumi. The account had an account number ending -385.

34. Marie Green had a financial interest in the Leumi '385 account held in the name of Templaide Associates.

35. On or about July 31, 2008, Templaide Associates provided a false Declaration of Non-US Status to Bank Leumi. The Declaration gave a mailing address in Panama. It falsely stated that the beneficial owner of the account is "a corporation," and that the beneficial owner was not a U.S. citizen or resident. On information and belief, the Declaration was signed by Michael Hunter, an attorney in Israel.

36. On or about July 31, 2008, Hunter also submitted to Bank Leumi a document titled "Lawyer's Confirmation regarding the identification details of the parties controlling the Corporate Entity," Templaide Associates. Hunter listed three

U.S. Complaint – p. 5

British citizens; Marie Green; Jacqueline Green; and Jacqueline Green's husband, John Grossman.

37. During 2010, the highest balance in the Leumi '385 account was $5,630,938.

38. On or about January 20, 2010, the Leumi '385 account was liquidated and the funds were converted to Euros and Swiss francs. The funds were then transferred to an account at Mercantile Discount Bank B.M. in Tel Aviv, Israel. The account was in the name of "Uzi Pinchasi Adv. In Trust for Green Marie Mary." The account had a number ending in -033.

39. Marie Green never reported the Mercantile '033 to the United States on an FBAR.

### *The Blackpearl Worldwide Account*

40. On or about December 16, 2009, a Panama entity with the name "Blackpearl Worldwide Corporation" was formed on Marie Green's behalf.

41. On information and belief, there was no business reason for the creation of Blackpearl Worldwide.

42. At some point, Blackpearl Worldwide opened an account at Bank of Jerusalem in Jerusalem, Israel. The account was held in the name of Blackpearl Worldwide, care of attorney Michael Hunter. The account had a number ending in -254.

43. Marie Green had a financial interest in the Bank of Jerusalem '254 account.

44. During 2010, the highest balance in the Bank of Jerusalem '254 account was $3,484,383.

45. During 2011, the highest balance in the Bank of Jerusalem '254 account was $3,572,440.

46. On or about October 22, 2012, Blackpearl Worldwide transferred the balance of the Bank of Jerusalem '254 account to another account.

*Marie Green's Personal Accounts*

47. On information and belief, on or about June 25, 1990, Isidor and Marie Green opened a joint account at United Overseas Bank in Geneva, Switzerland, signing a form that indicated that they were the beneficial owners of the account. That account was later held at a Geneva branch of BNP Paribas, S.A., and assigned an account number ending in -793.

48. On information and belief, in 2008 or 2009, BNP Paribas officials contacted Jacqueline Green on behalf of Marie Green and informed her that it was necessary to regularize the documentation of the account or close it. Jacqueline Green and Marie Green chose to close the BNP '793 account.

**Marie Green's Enrollment In, and Withdrawal From, the 2012 OVDP**

49. On or about October 31, 2013, Marie Green applied to enroll in the IRS's 2012 Offshore Voluntary Disclosure Program (OVDP). The 2012 OVDP offered a coordinated, standardized settlement to U.S. taxpayers who had failed to report foreign bank accounts by filing FBARs and failed to pay income tax on income received in those foreign bank accounts.

50. On or about February 24, 2015, the IRS preliminarily accepted Marie Green into the 2012 OVDP.

51. After enrolling in the 2012 OVDP, Marie Green attempted to "directly enter" another offshore disclosure program offered by the IRS, the 2014 Streamlined Filing Compliance Program. The IRS informed her that she was not allowed to do so.

52. On or about February 29, 2016, Marie Green notified the IRS that she intended to withdraw from the 2012 OVDP. The IRS removed her from the 2012 OVDP.

53. On June 9, 2016, Marie Green filed a suit against the IRS, challenging the IRS's decision not to allow her to "directly enter" the 2014 Streamlined Filing

U.S. Complaint – p. 7

Compliance Program. The U.S. District Court for the District of Columbia dismissed for lack of subject-matter jurisdiction. The U.S. Court of Appeals for the D.C. Circuit affirmed.

### Marie Green's Willful Failure to File FBARs

54. Marie Green did not file an FBAR for any foreign bank account until June 25, 2013. On that date, she timely filed a 2012 FBAR listing the Bank of Jerusalem '254 account.

55. Between 2005 and 2011, Marie Green failed to timely report or pay tax on more than $1.7 million in income she received in her foreign bank accounts.

56. In 2010, Marie Green had a financial interest in at least two foreign financial accounts. The first was the Bank of Jerusalem '254 account, nominally held in the name of Blackpearl Worldwide. The second was the Leumi '385 account, nominally held in the name of Templaide Associates. The aggregate balance in the accounts exceeded $5 million.

57. Marie Green was required to file an FBAR no later than June 30, 2011, reporting her interest in the Bank of Jerusalem '254 and Leumi '385 accounts. She did not timely file the FBAR. Her failure to timely file the 2010 FBAR was willful.

58. In 2011, Marie Green continued to hold a financial interest in the Bank of Jerusalem '254 account. The balance in the account exceeded $3 million.

59. Marie Green was required to file an FBAR no later than June 30, 2012, reporting her interest in the Bank of Jerusalem '254 account. She did not timely file the FBAR. Her failure to timely file the 2011 FBAR was willful.

### The United States Is Entitled to a Judgment Against Marie Green's Estate

60. On June 1, 2017, a duly authorized delegate of the Secretary of the Treasury timely assessed civil penalties against Marie Green for willfully failing to file FBARs, as follows:

| Reporting Year | Account | Assessed Penalty |
|---|---|---|
| 2010 | Bank of Jerusalem '254 | $893,110 |
| 2010 | Bank Leumi '385 | $100,000 |
| 2011 | Bank of Jerusalem '254 | $893,110 |

61. Marie Green failed to pay the assessed penalties upon notice and demand.

62. Pursuant to 31 U.S.C. § 3717, the unpaid assessed amounts have accrued interest and a penalty for failure to pay a lawful debt owed to the United States.

63. Marie Green's estate is liable for the unpaid assessed civil penalties, interest, and failure to pay penalties.

64. As of February 15, 2019, the unpaid assessed civil penalties, interest, and failure to pay penalties totaled $2,111,946.28. The Court should enter judgment in that amount in favor of the United States and against Jacqueline Green as personal representative of Marie Green's estate.

### The United States Is Entitled to Collect the Unpaid Penalties from the Marie Mary Green Revocable Trust

65. Upon information and belief, Marie Green's estate is unable to pay the unpaid assessed penalties.

66. Pursuant to Florida Statute § 733.707(3), the Marie Mary Green Revocable Trust is liable for the unpaid assessed penalties to the extent that Marie Green's estate is unable to pay them.

67. Pursuant to Federal Rule of Civil Procedure 69 and Florida Statute § 733.707(3), the Court should enter a supplemental judgment against Jacqueline Green and Bert Green as co-trustees of the Marie Mary Green Revocable Trust to the extent that Marie Green's estate is unable to pay the judgment entered against it.

\\

U.S. Complaint – p. 9

For the foregoing reasons, the United States is entitled to the following relief:

A. Judgment in favor of the United States and against Jacqueline Green, as personal representative of Marie Green's estate, in the amount of $2,111,946.28, as of February 15, 2019, together with interest and failure to pay penalty that continue to accrue as provided by law;

B. A supplemental judgment against Jacqueline Green and Bert Green as co-trustees of the Marie Mary Green Revocable Trust, stating that the United States may collect the unpaid balance of the judgment from the Marie Mary Green Revocable Trust;

C. Its costs in this action; and

D. Any other and further relief as the Court may deem appropriate.

Respectfully submitted this 30th day of September, 2019.

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

　/s/ Margaret S. Sholian
ADAM D. STRAIT (Mass. BBO No. 670484)
MARGARET S. SHOLIAN (Wash. Bar No. 51444)
Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
Telephone:   (202) 307-2135 (Strait)
Telephone:   (202) 514-5900 (Sholian)
Facsimile:   (202) 514-4963
adam.d.strait@usdoj.gov
margaret.s.sholian@usdoj.gov

*Of Counsel:*
ARIANA FAJARDO ORSHAN
U.S. Attorney, Southern District of Florida

*Attorneys for the United States of America*