UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*Plaintiff*,<br><br>vs.<br><br>JACQUILINE D. GREEN, as Personal Representative of the Estate of Marie Green and as Co-Trustee of the Marie Mary Green Revocable Trust; BERT GREEN, as Co-Trustee of the Marie Mary Green Revocable Trust,<br><br>*Defendants*. | CASE NO. 19-24026-CIV-MOORE |

## JOINT MOTION FOR STAY OF DISCOVERY

Defendants Jacqueline and Bert Green, together with the United States, file this Joint Motion for Stay of Discovery. In support thereof, the parties state as follows:

1. The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Further, "[m]atters pertaining to discovery are committed to the sound discretion of the district court." *Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990).

2. Though rare, "courts have held good cause to stay discovery exists wherein 'resolution of the preliminary motion may dispose of the entire action.'" *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003).

1

3.  In *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997), The Eleventh Circuit has observed the following concerning the utility of discovery stays pending resolution of a case-dispositive Motion to Dismiss:

> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismissed the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible. Allowing a case to proceed through the pretrial process with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and public's perception of the federal judicial system.

4.  While Plaintiff does not agree that its claim is "nonmeritorious," it agrees that one of Defendants' grounds for dismissal—that of abatement of the claim upon the death of Marie Green—has the potential to dispose of this case entirely and render discovery a waste of the parties' resources. Defendants' Motion to Dismiss has been fully briefed and pending before the Court since December 16, 2019.

5.  Additional grounds exist to stay discovery in this case. As the court is doubtless aware, the spread of COVID-19 has caused travel restrictions and closures throughout the country and across the world. Notably, both domestic and international travel has been implicated, and many organizations are on work-from-home protocols. Plaintiff's counsel are located in Washington, D.C. The individual nominee defendants in this case are located in South Florida and Washington State. Another witness whom Plaintiff intends to depose is in the Boston, Massachusetts area. Plaintiff may also seek to depose witnesses who live in foreign jurisdictions,

including Israel and Europe. Further, document discovery may require the litigation of letters rogatory in overseas jurisdictions.

6. Accordingly, the parties' ability to engage in depositions and other discovery is hampered during this time.

WHEREFORE, the Parties respectfully request that the Court enter an order in this case staying discovery and all other deadlines, including the deadline to present discovery disputes to the Court under Local Rule 26.1(g), for 60 days or such other duration as the Court deems appropriate.

## **LOCAL RULE 7.1(a)(3) CONFERRAL CERTIFICATION**

The parties have conferred pursuant to Local Rule 7.1(a)(3) and the Parties agreed to file this Motion jointly.

Dated: March 17, 2020

| | |
|---|---|
| MARCUS NEIMAN RASHBAUM & PINEIRO LLP | RICHARD E. ZUCKERMAN Principal Deputy Assistant Attorney General |
| */s/ Jeffrey A. Neiman*<br>Jeffrey A. Neiman<br>Fla. Bar No. 544469<br>jneiman@mnrlawfirm.com | /s/ Adam D. Strait<br>ADAM D. STRAIT (Mass. BBO No. 670484)<br>MARGARET S. SHOLIAN<br>JOHN P. NASTA<br>Attorneys, Tax Division |
| Derick Vollrath<br>Fla. Bar No. 126740<br>dvollrath@mnrlawfirm.com | U.S. Department of Justice<br>P.O. Box 14198<br>Washington, D.C. 20044<br>Telephone: (202) 307-2135 (Strait) |
| 100 Southeast Third Avenue, Suite 805<br>Ft. Lauderdale, Florida 33394<br>Telephone: (954) 462-1200 | Telephone: (202) 514-5900 (Sholian)<br>Telephone: (202) 307-6560<br>Facsimile: (202) 514-4963<br>adam.d.strait@usdoj.gov<br>argaret.s.sholian@usdoj.gov<br>john.nasta@usdoj.gov |
| *Counsel for Defendants* | *Of Counsel:*<br>ARIANA FAJARDO ORSHAN<br>U.S. Attorney, Southern District of Florida<br>*Attorneys for the United States of America* |

3

## **CERTIFICATE OF SERVICE**

I certify that on March 17, 2020, I filed this document on the Southern District of Florida's CM/ECF system, which has caused a copy to be served upon all counsel of record.

*/s/ Derick R. Vollrath*