**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 19-cv-24026-MOORE/LOUIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JACQUILINE D. GREEN, as Personal Representative of the Estate of Marie Green And as Co-Trustee of the Marie Mary Green Revocable Trust; and BERT GREEN, as Co-Trustee of the Marie Mary Green Revocable Trust,

    Defendants.

_____/

## **GENERAL ORDER ON DISCOVERY OBJECTIONS AND PROCEDURES**

This matter is before the Court upon a *sua sponte* review of the docket. The Honorable K. Michael Moore, United States District Chief Judge, has referred this case to the undersigned United States Magistrate Judge for all pretrial discovery matters (ECF No. 7, 23). In order to efficiently resolve discovery disputes, the parties are hereby notified that the following rules apply to discovery objections before this Court.

    **1. Vague, Overly Broad and Unduly Burdensome**

Parties shall not make nonspecific boilerplate objections. Such objections do not comply with Local Rule 26.1(e)(2)(A), which provides, when an objection is made to any interrogatory or sub-part thereof or to any document request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds. Blanket, unsupported objections that a discovery request is "vague, overly broad, or unduly burdensome" are, by themselves, meaningless, and disregarded by the Court. A party objecting on these bases must explain the specific and particular ways in which a request is vague, overly broad, or unduly burdensome.

*See* Fed. R. Civ. P. 33(b)(4) and 34(b)(2)(B); *Panola Land Buyer's Assn. v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985) (citing *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)) ("a party resisting discovery 'must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.'"). If a party believes that the request is vague, that party shall attempt to obtain clarification prior to objecting on this ground.

2. **Irrelevant Or Not Reasonably Calculated to Lead to Admissible Evidence**

An objection that a discovery request is not relevant must include a specific explanation describing why the request lacks relevance. An objection that a discovery request is "not reasonably calculated to lead to admissible evidence" is an outdated type of objection, as that language no longer defines the scope of discovery under Federal Rule of Civil Procedure 26(b)(1). The current version defines the scope of discovery as being "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" -- and then lists several factors to analyze. The Court reminds the parties that the Federal Rules provide that information within this scope of discovery "need not be admissible in evidence" to be discoverable. *See* Fed. R. Civ. P. 26(b)(1); *see Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-52 (1978).

3. **Objections Based Upon Scope**

If there is an objection based upon an unduly broad scope, such as time frame or geographic location, discovery should be provided as to those matters within the scope that is not disputed. For example, if discovery is sought nationwide for a ten-year period, and the responding party objects on the grounds that only a five-year period limited to activities in the State of Florida is appropriate, the responding party shall provide responsive discovery falling within the five-year period as to the State of Florida.

**4. Formulaic Objections Followed by an Answer**

Parties shall not recite a formulaic objection followed by an answer to the request. Federal Rule of Civil Procedure 34(b)(2)(c) specifically requires an objection to state whether any responsive materials are being withheld. *See* Civil Discovery Standards, 2004 A.B.A. Sec. Lit. 18; *see also* S.D. Fla. L.R. 26.1(e)(2)(A). Counsel shall include in the answer a clear statement that all responsive documents/information identified have in fact been produced/provided, or otherwise describe the category of documents/information that have been withheld on the basis of the objection.

**5. Objections Based upon Privilege**

Generalized objections asserting attorney-client privilege or work product doctrine do not comply with the Local Rules. Local Rule 26.1(e)(2)(B) requires that objections based upon privilege identify the specific nature of the privilege being asserted, as well as identify such things as the nature and subject matter of the communication at issue, the sender and receiver of the communication and their relationship to each other, among others. Parties are instructed to review this Local Rule carefully, and refrain from objections in the form of: "Objection. This information is protected by attorney-client and/or work product privilege." If a general objection of privilege is made without attaching a proper privilege log, the objection of privilege may be deemed waived.

**6. Objections to Scope of 30(b)(6) Notices for Depositions**

Objections to the scope of a deposition notice shall be raised by timely serving those objections upon the opposing party in advance of the deposition, not by filing a motion for protective order seeking anticipatory review before the deposition. *See King v. Pratt & Whitney,* 161 F.R.D. 475 (S.D. Fla. 1995); *New World Network Ltd. v. M/V Norwegian Sea*, No. 05-22916 CIV, 2007 WL 1068124, at *5 (S.D. Fla. Apr. 6, 2007). The "better procedure to follow for the

proper operation of the Rule is for a corporate deponent to object to the designation topics that are believed to be improper and give notice to the requesting party of those objections, so that they can either be resolved in advance or otherwise. The requesting party has the obligation to reconsider its position, narrow the scope of the topic, or otherwise stand on its position and seek to compel additional answers if necessary, following the deposition." *Direct Gen. Ins. Co. v. Indian Harbor Ins. Co.*, No. 14-20050-CIV, 2015 WL 12745536, at *1 (S.D. Fla. Jan. 29, 2015).

### 7. Burden to Sustain Objections

To show that the requested discovery is objectionable, the burden is on the objecting party to demonstrate with specificity how the objected-to request is unreasonable. *Rossbach v. Rundle,* 128 F. Supp. 2d 1348, 1354 (S.D. Fla. 2000); *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.,* 2001 WL 34079319 (S.D. Fla. 2001); *Milinazzo v. State Farm Ins. Co.,* 247 F.R.D. 691, 695 (S.D. Fla. 2007). Failure to satisfy this burden will result in entry of an order compelling discovery under Rule 37. Failure to show that the objecting party's position was substantially justified will result in entry of monetary sanctions under that Rule. If the burden to sustain an objection is satisfied, the requesting party will have to show with specificity how the information is relevant and necessary, and proportional to the particular needs of the case. *Lombardi v. NCL (Bahamas) Ltd.*, No. 15-20966-CIV, 2015 WL 12085849, at *1 (S.D. Fla. Dec. 11, 2015).

### 8. Discovery Dispute Procedure

If a bona fide discovery dispute arises notwithstanding these guidelines, the parties must first confer in a good faith effort to resolve the dispute in compliance with S.D. Fla. L.R. 7.1(a)(3). Counsel must under this Local Rule certify that good faith efforts were made and describe those efforts by date and means of communication (in person or telephonic; <u>Email correspondence alone does not constitute a sufficient conferral</u>). An adequate certificate of conference almost always

requires at least one, if not more, personal communication between counsel. The Court may deny relief if counsel fails to abide by this obligation, fails to certify compliance with the Rule, or provides inadequate description of the conferral efforts made.

All discovery motions shall be no longer than five (5) pages. The purpose of the motion is merely to frame the discovery issues and succinctly explain the dispute. The moving party MUST attach as exhibits any materials relevant to the discovery dispute (e.g., discovery demands and discovery responses). The opposing party must file a response to the motion, no longer than five (5) pages, within five (5) business days of service of the discovery motion. No reply will be permitted.

The moving party may request a discovery hearing by sending an email to louis@flsd.uscourts.gov. The subject line of the email shall be "Request for Discovery Hearing". The email shall provide the Court with two proposed dates within the following fourteen business days where all parties are available. The email shall state the amount of time that the parties anticipate needing for the hearing. The email shall be copied to all counsel, and shall certify that the moving party has conferred with opposing counsel and confirmed opposing counsel's availability on the proposed dates. The Court will enter an order setting the hearing.

Discovery disputes must be raised timely as required by S.D. Fla. L.R. 26.1(g)(1). The Court strictly enforces this Rule, and interprets the thirty-day window as the opportunity during which good faith resolution efforts must be made (subject to the seven-day agreed extension permitted by the rule). The Court also enforces Rule 26.1(d) that requires that all discovery, including resolution of discovery disputes, be fully completed prior to the expiration of the discovery cutoff. The parties are generally free to engage in agreed-upon discovery after the cutoff date; but by virtue of the Rule no Court intervention or remedy will be available to either party

after the cutoff date.

It is the intent of this procedure to minimize the necessity of motions. The Court expects all parties to engage in reasonable compromise to facilitate the resolution of their discovery disputes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of March 2020.

_____
LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable K. Michael Moore
    Counsel of record