**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:19-cv-24026-KMM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JACQUELINE D. GREEN, *et al.*,

    Defendants.

_____/

**ORDER ON MOTION FOR RECONSIDERATION**

THIS CAUSE came before the Court upon Defendants Jacqueline Green and Bert Green's (collectively, "Defendants") Motion for Reconsideration of Order Denying Motion to Dismiss. ("Mot.") (ECF No. 26). Plaintiff United States of America (the "Government") filed a response in opposition. ("Resp.") (ECF No. 28). Defendants filed a reply. ("Reply") (ECF No. 29). The Motion is now ripe for review.

**I.    BACKGROUND**

On September 30, 2019, the Government filed a complaint seeking to recover unpaid financial penalties imposed upon Marie M. Green ("Marie"), Defendants' deceased mother, for willfully failing to file accurate Forms TD F 90-22.1, Report of Foreign Bank and Financial Accounts ("FBAR"), for the years 2010 and 2011. ("Compl.") (ECF No.1) ¶ 1. Defendants are co-trustees of the Marie Mary Green Revocable Trust, which Marie settled before she passed away. *Id.* ¶¶ 9,11, 12.

On November 25, 2019, Defendants filed a motion to dismiss requesting that the Court dismiss the Complaint because (1) the FBAR penalties abated upon Marie's death, and (2) even if the penalties survive Marie's death, the Government has not plausibly alleged that Marie willfully

failed to disclose the accounts and file the FBARs. *See* Motion to Dismiss for Failure to State a Claim ("Mot. to Dismiss") (ECF No. 13). On April 27, 2020, the Court denied Defendants' Motion to Dismiss, holding that the FBAR penalties did not abate upon Marie's death and the Government had plausibly alleged in the Complaint that Marie willfully failed to disclose the accounts and file the required FBARs. *See* Order Denying Motion to Dismiss for Failure to State a Claim ("Order") (ECF No. 25). Now, Defendants seek reconsideration of the Court's Order. *See* Mot.

## II.  LEGAL STANDARD

In a motion for reconsideration, the moving party must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *Socialist Workers Party v. Leahy*, 957 F. Supp. 1262, 1263 (S.D. Fla. 1997). A motion for reconsideration should raise new issues, not merely address issues litigated previously. *Id.* Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted).

"[A] motion for reconsideration does not provide an opportunity to simply reargue the issue the Court has once determined." *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1340 (M.D. Fla. 2003). Further, a motion for reconsideration may not be used to offer new legal theories or evidence that could have been presented in a previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation. *Escareno v. Noltina Crucible & Refractory Corp.*, 172 F.R.D. 517, 519 (N.D. Ga. 1994) (citing *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992)).

## III.  DISCUSSION

Defendants argue that the Court should reconsider the Order because the Court has committed clear error. Mot. at 1. Specifically, Defendants argue that the Court erred by (1) determining that violation of the FBAR requirements "may deprive the Government of taxes on investment gains and the Government likely spends significant resources on investigating foreign accounts"; and (2) not considering whether FBAR violations cause "direct harm" to the Government as discussed in *United States v. Price*, 290 F.2d 525 (6th Cir. 1961), and *Porter v. Montgomery*, 163 F.2d 311 (3d Cir. 1947).[1] *See* Mot. In response, the Government argues that (1) Defendants' substantive arguments were either addressed or could have been addressed in the Parties' briefing of the Motion to Dismiss; (2) the FBAR penalty is one way for the United States to remediate a tax loss; and (3) the FBAR penalty is remedial even though it deters misconduct. *See generally* Resp. The Court addresses Defendants' arguments in turn.

### A. The Court Did Not Err in Determining that the FBAR Penalty "May Deprive the Government of Taxes on Investment Gains and the Government Likely Spends Significant Resources on Investigating Foreign Accounts"

Defendants argue that the Court erred in determining that the FBAR Penalty "may deprive the Government of taxes on investment gains and the Government likely spends significant resources on investigating foreign accounts" because the Court (1) conflated the FBAR penalty and separate penalties for underpayment of tax; and (2) improperly went beyond a categorical analysis of the FBAR penalty statute and converted Defendant's Motion to Dismiss into one for

---

[1] Defendants also include legislative history regarding the FBAR statute. *See* Mot. at 7. However, this evidence could have been raised in briefing the Motion to Dismiss and Defendants did not provide a reason for failing to raise it then. Therefore, the legislative history is impermissible for purposes of a motion for reconsideration. *Escareno*, 172 F.R.D at 519 (citing *O'Neal*, 958 F.2d at 1047). In any event, to the extent Defendants argue relying on the legislative history that the primary purpose of the FBAR statute is penal, Defendants' argument is unpersuasive. As the Court discussed in the Order, the primary purpose of the FBAR penalty is "remedial with incidental penal effects" and the legislative history Defendants cite does not convince the Court to reverse its decision.

3

summary judgment without proper notice according to Rule 12(d) of the Federal Rules of Civil Procedure. Mot. at 2–5. In response, the Government argues that the Court (1) correctly determined that FBAR penalties are not entirely divorced from tax losses; and (2) did not improperly convert the Motion to Dismiss into one for summary judgment. Resp. 2–4, 6–7.

As an initial matter, Defendants' first argument is merely a rehashing of the argument Defendants advanced in briefing the Motion to Dismiss. *Compare* Mot. at 2–4, *with* Reply to Motion to Dismiss at 4–5, 6 n.5, 7–9. Therefore, it is an improper argument for purposes of a motion for reconsideration. *See Am. Ass'n of People with Disabilities*, 278 F. Supp. 2d at 1340.

Nonetheless, Defendants' argument is unpersuasive. The Court did not conflate the FBAR penalty and separate penalties for underpayment of tax. Rather, the Court correctly determined that the FBAR penalties may deprive the Government of taxes on investment gains because the failure to file required FBAR filings deprives the Government of gaining a full picture of a person's foreign assets or the assets of others, which is separate from a failure to pay the required taxes. *See United States v. Garrity*, No. 3:15-CV-243(MPS), 2019 WL 1004584, at *9 (D. Conn. Feb. 28, 2019). For example, the failure to file required FBARs impedes the Government's ability to investigate an individual's other foreign assets or the foreign assets of other individuals to which the FBAR filing may lead, which may include investment gains upon which the Government is entitled to taxes. Further, Defendants' argument ignores the cost the Government incurs to investigate foreign accounts. Therefore, the FBAR penalty compensates the Government, at least in part, for the other losses the Government incurs, while the penalties for underpayment of tax may compensate the Government for the individual's underpayment of taxes. Thus, the Court did not conflate the penalty for underpayment of taxes and the FBAR penalties.

Defendants' second argument is also without merit because the Court did not go beyond a categorical analysis of the FBAR penalty statute. First, the Court did not rely on the specific facts of this case to conclude that "FBAR violations may deprive the Government of taxes on investment gains and the Government likely expends significant resources on investigating foreign accounts. *See* Order at 11. Rather, the Court, relying on *Garrity*, identified the various ways that the FBAR violation *may* harm the government, without regard to specific facts. *Id.* Second, the Court's reference to the specific facts of this case was merely an illustrative aid. *See id.* Indeed, the Court's discussion of the facts of this case begins with the phrase, "[f]or example," indicating the illustrative nature of this hypothetical. *Id.* Therefore, Defendants' second argument is without merit.[2]

### B. The Court Did Not Err by Not Considering Whether FBAR Violations Cause "Direct Harm" to the Government

Defendants also argue, relying upon *Price* and *Porter*, that the Court erred by not considering whether FBAR violations cause "direct harm" to the Government. Mot. at 6–7. In response, the Government argues that *Price* and *Porter* are distinguishable because the harm the statutes at issue sought to redress harm between private entities, not between a private entity and the United States. Resp. at 4.

As an initial matter, Defendants could have asserted this argument in the briefing for Defendants' Motion to Dismiss. Indeed, Defendants admit that they failed to argue these cases in the briefing because (1) the cases tend to be older and from circuits outside of the United States Court of Appeals for the Eleventh Circuit, and (2) Defendants read *United States v. NEC Corp.*, 11 F.3d 136 (11th Cir. 1993) as the appropriate standard. Mot. at 6 n.5. However, Defendants'

---

[2] Because the Court did not conduct a case-specific analysis, the Court need not address Defendant's argument that the Court improperly converted the motion to dismiss into a motion for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure.

explanation is insufficient to justify failing to present this argument in briefing the Motion to Dismiss. Notably, even after the Government argued that the *NEC Corp.* framework was inapplicable because the Government, as opposed to a private individual, was harmed, *see* Response to Motion to Dismiss (ECF No. 16) at 4, Defendants did not argue that *Price* and *Porter* were applicable. *See* Reply to Motion to Dismiss (ECF No. 18). Thus, this new argument is improper for purposes of a motion for reconsideration. *See Escareno*, 172 F.R.D. at 519 (N.D. Ga. 1994) (citing *O'Neal*, 958 F.2d at 1047).

In any event, Defendants' argument for reconsideration is unpersuasive. As an initial matter, *Price* and *Porter* are not binding authority upon this Court. Further, *Price* and *Porter* are distinguishable because the Government brought those actions in response to injuries that private entities, not the Government itself, had suffered. In *Price* and *Porter*, the Government filed suits against sellers who exceeded price ceilings set in price control regulations on behalf of buyers who were harmed. *Price*, 290 F.2d at 525–26 (suit pursuant to the Defense Production Act of 1950, § 409(c), Pub. L. No. 81-774, 64 Stat. 798, 811 (1950)); *Porter*, 163 F.2d at 212 (suit pursuant to the Emergency Price Control Act of 1942, § 205(e), Pub. L. No. 77-421, 56 Stat. 23, 34 (1942)). During the litigation, the defendant in each case died. *See Price*, 290 F.2d at 526; *Porter*, 163 F.2d at 212. The courts held that the claims did not survive the deaths of the defendants because the Government itself did not suffer a direct injury from the defendants' acts, rather the defendants' acts harmed the buyers, and therefore the statute was not remedial. *See Price*, 290 F.2d at 527; *Porter*, 163 F.2d at 215.

Notably, the statutes in *Price* and *Porter* are distinguishable from the FBAR statute. Specifically, the statutes in *Price* and *Porter* provided a primary cause of action to the buyer against the seller who breached the price ceiling, but if the buyer could not, or did not, bring suit,

6

the Government could file suit on the buyer's behalf. *See* Defense Production Act § 409(c); Emergency Price Control Act § 205(e). Therefore, Congress intended for these statutes to remedy harms between private entities, not between the Government and a private entity. By contrast, the FBAR seeks to remedy harms between the Government and a private entity where the Government has been harmed. Thus, Defendants' argument is unpersuasive.

Accordingly, because Defendants have not demonstrated why the Court should reconsider the Order or set forth facts or law of a strongly convincing nature to induce the Court to reverse the Order, Defendants' Motion is DENIED. *Socialist Workers Party*, 957 F. Supp. at 1263.

## IV. CONCLUSION

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Defendants' Motion for Reconsideration of Order Denying Motion to Dismiss (ECF No. 26) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this __9th__ day of June, 2020.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record