IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CIVIL NO. 1:19-24026-KMM

UNITED STATES OF AMERICA,

    *Plaintiff*,

  v.

JACQUELINE D. GREEN, as Personal Representative of the Estate of Marie Green and as Co-Trustee of the Marie Mary Green Revocable Trust; BERT GREEN, as Co-Trustee of the Marie Mary Green Revocable Trust,

    *Defendants*.

**UNITED STATES' UNOPPOSED MOTION FOR
PARTIAL MODIFICATION OF MEDIATION ORDER**

The parties are prepared to mediate this matter with David Lichter on July 21, 2020. (Dkt. 17.) The United States respectfully requests the Court to modify its Order referring this case to mediation (Dkt. 15) in two respects. First, given the ongoing COVID-19 pandemic, the United States requests permission to hold the mediation via videoconference. Second, the United States requests to be excused from the requirement to have a government official with full settlement authority attend the mediation. Instead, the United States proposes to have its attorneys attend the mediation, with the Chief of the Tax Division's Office of Review available by telephone if needed. The defendants, Jacqueline Green and Bert Green, and the mediator, Mr. Lichter, do not oppose the relief requested in this Motion.

### I. Due to the COVID-19 Pandemic, the Court Should Permit the Parties To Mediate via Videoconference.

On November 25, 2019, the Court entered an Order referring the parties to mediation. (Dkt. 15.) The Order states: "The physical presence of counsel and each party or representatives of each party with full authority to enter in a full and complete compromise and settlement is mandatory." On March 13, 2020, the President declared a national emergency caused by the novel coronavirus SARS-CoV-2 and the disease it causes, COVID-19. [Proclamation](#) (Mar. 13, 2020). In response to public health guidance, and to protect judges, court staff, and those participating in judicial proceedings, the Court has entered an Administrative Order limiting in-court appearances. [Fourth Administrative Order Concerning Jury Trials and Other Proceedings](#) (S.D. Fla. Admin. Order 2020-33). The Order states that "[j]udges are strongly encouraged to conduct court proceedings by telephone or video conferencing where practicable." *Id.* ¶ 12.

Many of the same concerns that apply to court hearings apply to mediations as well. Counsel for the United States would need to travel from the Washington, D.C. area to the Southern District in order to mediate in person. Participants would have to meet in person with each other and Mr. Lichter. To help protect the health of the participants, Mr. Lichter and his staff, and the public, the United States respectfully requests that the parties be permitted to mediate via videoconference. Mr. Lichter's office has offered to assist by setting up a Zoom meeting.

### II. The Court Should Excuse the United States from the Requirement to Have an Official with Full Settlement Authority Attend the Mediation.

The United States fully supports settlement efforts in this case. But the practicalities of, and legal limits on, litigation handled by the Department of Justice make it extremely difficult—if not impossible—to have an individual with full

U.S. Mot. Modify Mediation Order – p. 2

settlement authority present at all mediation conferences in which the Department of Justice participates. First, although the attorneys assigned to this case can engage most effectively in settlement efforts, the applicable federal statutory and regulatory scheme does not vest them with full settlement authority. Second, it is not practicable for the officials who do possess full settlement authority to personally attend all settlement conferences. Finally, attendance of the assigned attorneys at settlement conferences who can promptly confer with appropriate officials constitutes an effective and swift procedure to achieve the goals of mediation.

    A.    *Federal Law Governing the Department of Justice Does Not Provide the Assigned Attorneys with Full Settlement Authority.*

In cases arising under the Internal Revenue Code, the Attorney General "or his delegate" may compromise cases after they have been referred to the Department of Justice by the Secretary of Treasury. 26 U.S.C. § 7122(a). The Attorney General has delegated limited settlement authority to the Assistant Attorneys General in charge of the various litigating divisions. *See* 28 C.F.R. § 0.160. Under certain circumstances, settlement authority may be delegated to an official below the level of the Assistant Attorney General for the particular litigation divisions.

The United States filed this suit to collect $1,886,220 in penalties assessed against Marie Green under 31 U.S.C. § 5321(a)(5). With interest and penalties accruing under 31 U.S.C. § 3717, the total demand in the United States' Complaint is approximately $2,111,000. (Compl. ¶¶ 60, 64 (Dkt. 1).) Based upon the amount in issue, the lowest-ranking official with full settlement authority is Principal Deputy

Associate Attorney General Claire McCusker Murray.[1] In lieu of Ms. McCusker Murray being available during the mediation, the United States proposes to have available Ann Reid, the Chief of the Tax Division's Office of Review. Ms. Reid has authority to compromise claims of up to $1,500,000, and can make recommendations concerning any larger compromises of the United States' claim. *See* 28 C.F.R. pt. 0, appx. to subpart Y, Tax Division Directive No. 139, § 6.

The Department of Justice's policy of concentrating settlement authority serves a number of important public-policy goals. First, it fosters uniformity of settlements, an important consideration given the Department's nationwide docket of cases. It also promotes fairness of settlements to both litigants and to the government. By affording a high-level review of the settlement recommendations by trial attorneys, the process ensures a thorough analysis of all settlement proposals, including such considerations as litigation risks, and an opportunity to assess the proposed settlement outside the context of a heated negotiation.

Indeed, the Fifth Circuit has held that the policies underlying the concentration of settlement authority should not be disregarded by federal district courts. *In re Stone*, 986 F.2d 898 (5th Cir. 1993). *Stone* involved twelve consolidated petitions for mandamus, all arising from one district court which had incorporated into its routine pretrial orders a requirement that settlement conferences be held and that each party either personally attend or send a representative with full settlement authority. *Id.* at 900. The government argued that the district court lacked the authority to dictate to the Executive Branch which officials it should

---

[1] The Assistant Attorney General for the Tax Division has authority to compromise government claims of up to $10 million. 28 C.F.R. § 0.160(a)(1). However, that position is vacant at the moment: Richard E. Zuckerman's nomination is pending. The Deputy Assistant Attorney General for Civil Tax Matters, David A. Hubbert, has authority to compromise claims of up to $2 million. *See* 28 C.F.R. pt. 0, appx. to subpart Y, Tax Division Directive No. 139, § 8.

U.S. Mot. Modify Mediation Order – p. 4

send to represent it at settlement conferences. While the Fifth Circuit stated that the district court did possess an inherent power to manage the settlement process, which might, in unusual circumstances, include the power to order participation by specific officials having settlement authority, it went on to hold that the district court had abused its discretion by ordering that the government send someone with full settlement authority for routine cases. *Id.* at 903-05.

The court also observed that the government is in "a special category" as a litigant. *Id.* at 904. Not only does the government appear as a party in far more federal court cases than any other litigant, but the Executive Branch has special constitutional duties that no private litigant shares. *Id.* Accordingly, the government can legitimately structure its litigation procedures so as to ensure that decision making on policy issues is centralized, that positions taken are consistent, and that policy decisions are made by officials with political accountability. *Id.* The Fifth Circuit chastised the district court for requiring the government to forego these interests in routine cases, in which the operation of normal government settlement procedures would cause only an "insignificant interference with the operation of the courts." *Id.* Instead, the court held that a district court should consider "less drastic steps" before ordering the Executive Branch to override its normal procedures. *Id.* at 905.

Likewise, the U.S. Court of Appeals for the Ninth Circuit issued a writ of mandamus directing the district court to vacate an order requiring that a government official with full settlement authority personally attend a routine settlement conference in a tax refund action. *United States v. United States District Court for the Northern Mariana Islands*, 694 F.3d 1051, 1059 (9th Cir. 2012). The Ninth Circuit closely followed the Fifth Circuit's reasoning in *Stone*, holding (over the United States' objection) that the district court has authority to compel the federal government's attendance at settlement conferences, but had abused its

U.S. Mot. Modify Mediation Order – p. 5

discretion. *Id.* The Ninth Circuit observed: "[T]he federal government . . . is not like any other litigant . . . . The Department of Justice in general and its Tax Division in particular are responsible for a very large number of cases . . . . For [the official with full settlement authority] to prepare for and appear at all settlement conferences for all of those cases would be highly impractical, if not physically impossible." *Id.* Moreover, the court noted that centralizing settlement authority serves the several salutary purposes the Fifth Circuit highlighted, namely, the promotion of uniform decisions on tax controversies, the effective implementation of policy goals, and the promotion of political accountability. *Id.* at 1060.

### B. *It Is Not Practicable for Government Officials with Full Settlement Authority to Personally Attend All Settlement Conferences.*

It would create an undue hardship on the United States to require high-ranking Department of Justice officials to routinely attend court-ordered settlement conferences. The Tax Division is a national litigation unit comprised of over 300 trial attorneys operating in separate trial sections. The Division's attorneys work on cases located throughout the United States, and may be involved in settlement discussions at any phase of their cases. The Chief of the Office of Review, Ms. Reid, is responsible for overseeing hundreds of potential settlements where the government's compromise does not exceed $1,500,000. Ms. Reid is also responsible for making recommendations in matters involving any differences of opinion between the various sections of the Tax Division, or between the Department of Justice and the Internal Revenue Service, and regarding settlements involving amounts greater than her authority. Because of the nature and breadth of Ms. Reid's responsibilities, it would be difficult, if not impossible, for her to attend settlement conferences in all of the cases for which she has final settlement authority.

U.S. Mot. Modify Mediation Order – p. 6

That is true even if the Court grants relief from the requirement to attend the mediation in person. Preparing for and attending each settlement conference would still be, at minimum, impractical for Ms. Reid. In order to be responsive to all of the cases pending in the Division—and in civil tax matters handled by Assistant United States Attorneys—the Division relies on the attorneys handling its cases to negotiate offers they can recommend to Ms. Reid or another appropriate official. Using this approach, the Division has consistently produced fair and reasonable compromises that will be acted upon favorably by higher authorities.

Indeed, Congress recognized the impracticality of personal attendance at settlement conferences by Department of Justice officials with full settlement authority in the Judicial Improvements Act of 1990 and in its amendments to Federal Rule of Civil Procedure 16. The Judicial Improvements Act authorizes district courts to adopt "civil justice expense and delay reduction plans," which may include a requirement that "representatives of the parties with authority to bind them in settlement discussions" be "present or available by telephone" during any settlement conference. 28 U.S.C. § 473(b)(5). However, the Act goes on to provide that "[n]othing in [such] plan relating to the settlement authority provisions of this section shall alter or conflict with the authority of the Attorney General to conduct litigation on behalf of the United States, or any delegation of the Attorney General." 28 U.S.C. § 473(c) (emphasis added).

The Senate Report in this statute's legislative history recognizes the importance of maintaining the established limits of delegation within the Department of Justice: "[T]hose district courts that choose to adopt [the settlement authority requirement] should account for the unique situation of the Department of Justice. The Department does not delegate broad settlement authority to trial counsel but instead reserves that authority to senior officials in the United States Attorneys' Offices or in the litigating divisions in Washington." S. Rep. No. 416,

U.S. Mot. Modify Mediation Order – p. 7

101st Cong., 2d Sess. 58, *reprinted in* 1990 U.S. Code Cong. & Adm. News 6802, 6848. The Senate Report also recognizes the practical consequences of the limited delegation on the Department as a litigant: "[c]learly, the Department cannot realistically send officials with full settlement authority to each settlement conference." *Id.*

Moreover, the committee that wrote the revisions to Federal Rule of Civil Procedure 16 that took effect on December 1, 1993, reaffirmed that federal trial courts must account for the government's special status when promulgating orders concerning pre-trial conferences. Indeed, Rule 16 now contains the following language at the end of subdivision (c): "If appropriate, the court may require that a party or its representative be present or reasonably available by other means to consider possible settlement." The drafting committee notes on the 1993 revision read:

> The sentence refers to participation by a party or its representative. Whether this would be the individual party, an officer of a corporate party, a representative from an insurance carrier, or someone else would depend on the circumstances. Particularly in litigation in which governmental agencies or large amounts of money are involved, there may be no one with on-the-spot settlement authority, and the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making responsibility. The selection of the appropriate representative should ordinarily be left to the party and its counsel.

Fed. R. Civ. P. 16, drafting committee note for 1993 Amendments. This makes clear that the committee and the Supreme Court are fully aware of the federal government's unique role in litigation and the practical problems that would ensue if the government were subject to the same settlement-authority requirements as a private party.

### C.  *Attendance of Trial Attorneys at Settlement Conferences and Subsequent Recommendations to Appropriate Officials Constitute an Effective and Swift Procedure to Achieve the Goals of Mediation.*

As stated above, the United States supports settlement conferences, and it is the Attorney General's policy to encourage alternative dispute resolution where appropriate. Moreover, the United States fully understands the related goal of encouraging parties to move from their original positions by having present representatives with full settlement authority. It is, however, unlikely that these goals will be served by requiring the participation at a settlement conference of an official with full settlement authority under the present circumstances. On the contrary, the goal of meaningful settlement discussions can best be achieved by the attorneys who are most familiar with the case and are in the best position to negotiate on the government's behalf. Trial attorneys routinely discuss settlement options with opposing counsel, field written settlement offers distilled from these talks, and submit written recommendations to their supervisors. They also communicate these recommendations to IRS personnel, when necessary. Given the trial attorneys' familiarity with their cases, their recommendations with respect to a settlement are generally given great weight, even though they lack the ultimate authority to formally accept a settlement offer.

Although the United States believes the attorneys assigned to this matter can handle the mediation, the United States will ensure that Ms. Reid is available during the settlement conference to consult via telephone, if the need arises.

### III.  Conclusion

For the foregoing reasons, the United States respectfully requests that the Court modify its Order (Dkt. 15) referring the case to mediation in two respects. First, the United States requests the Court to permit the mediation to occur by videoconference. Second, the United States requests to be excused from the

requirement that an official with full settlement authority attend the mediation. As explained above, good cause exists for each request.

Respectfully submitted this 22d day of June, 2020.

                                        RICHARD E. ZUCKERMAN
                                      Principal Deputy Assistant Attorney General

                                      /s/ Adam Strait
                                      ADAM D. STRAIT (Mass. BBO No. 670484)
                                      MARGARET S. SHOLIAN (Wash. Bar No. 51444)
                                      JOHN P. NASTA, JR. (Fla. Bar No. 1004432)
                                      Attorneys, Tax Division
                                      U.S. Department of Justice
                                      P.O. Box 14198
                                      Washington, D.C. 20044
                                      Telephone:   (202) 307-2135 (Strait)
                                      Telephone:   (202) 514-5900 (Sholian)
                                      Telephone:   (202) 307-6560 (Nasta)
                                      Facsimile:    (202) 514-4963
                                      adam.d.strait@usdoj.gov
                                      margaret.s.sholian@usdoj.gov
                                      john.nasta@usdoj.gov

                                      *Of Counsel:*
                                      ARIANA FAJARDO ORSHAN
                                      U.S. Attorney, Southern District of Florida

                                      *Attorneys for the United States of America*